UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE ROMANO, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>AT&T MOBILITY SERVICES, LLC, a Delaware limited liability company; and DOES 1-25, inclusive,<br><br>                Defendants. | Case No.: 3:20-cv-00698-JLS-KSC<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[Doc. No. 23]** |

     Before the Court is the parties' Joint Motion for Determination of Discovery Dispute ("Joint Motion" or "Jt. Mot."). Doc. No. 23. Plaintiff herein alleges that defendant AT&T Mobility Services ("AT&T" or "defendant") wrongfully terminated his employment and discriminated against him because of his age. *See* Doc. No. 1-6. The instant dispute arose during the deposition of plaintiff's former manager, Paola Gonzalez, who was instructed not to answer questions about complaints of discrimination or harassment made against her by other employees. Jt. Mot. at 3. Plaintiff asserts these instructions were improper, and requests to be permitted to inquire about complaints made concerning Ms. Gonzalez by other employees when her deposition is reconvened. *Id.* at 7. For the reasons set forth below, plaintiff's request is **GRANTED IN PART** and **DENIED IN PART**.

## I. SUMMARY OF THE DISPUTE

Ms. Gonzalez was an assistant store manager in the AT&T store where plaintiff worked and "regularly managed" him. Jt. Mot. at 4. In that role, Ms. Gonzalez counseled and "wrote-up" plaintiff for failing to abide by AT&T's customer service policies. *Id.* at 5. These disciplinary actions ultimately led to plaintiff's termination, although Ms. Gonzalez did not make (nor did she have the authority to make) the decision to terminate plaintiff. *Id.* at 5, 8, 10, 15-16.

During her October 27, 2020 deposition, plaintiff asked Ms. Gonzalez whether any other AT&T employee had filed an EEO complaint against her, and in response she identified a single other complaint. *Id.* at 20-22. AT&T's counsel instructed her not to answer questions about the details of that complaint unless it related to age discrimination, asserting relevance and privacy objections. *Id.* at 21-22. Plaintiff's counsel then asked whether anyone had ever complained that Ms. Gonzalez sexually harassed them, which AT&T's counsel also instructed her not to answer. *Id.* at 22-23. Plaintiff's counsel then asked Ms. Gonzalez whether "any younger males younger than [Ms. Gonzalez] ever complained" that she "act[ed] in a sexually inappropriate way with them," to which Ms. Gonzalez responded, "No. Not that I'm aware of." *Id.* at 22-23. The parties terminated the deposition immediately following this response. *Id.* at 3-4, 23.

Plaintiff asserts that information regarding other complaints of Ms. Gonzalez's alleged discrimination is discoverable "me too" evidence and is relevant to show her "animus," her "pattern and practice" of "unfairly target[ing]" employees, and its bearing on punitive damages. *Id.* at 4-6. Plaintiff also claims that complaints about Ms. Gonzalez's alleged sexually inappropriate behavior (if any) is relevant "comparator" evidence because complaints from "younger, male employees" of such behavior shows "how she treats young employees differently" as compared to plaintiff who is older. *Id.* at 7.

Defendant argues that because plaintiff alleges only age discrimination and not any other type of discrimination or harassment, "me too" and "comparator" evidence should be limited to other complaints of age discrimination by employees that were "similarly

situated to" plaintiff. *Id.* at 8.  Defendant claims the testimony plaintiff seeks is irrelevant to liability or damages and is simply a "fishing expedition" by plaintiff. *Id.* at 9.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." Fed. R. Civ. P. 26(b)(1).  "Relevance for the purposes of discovery is defined broadly." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 301 (D. Nev. 2019).  However, although broad, the "scope of discovery" under Rule 26 "is not unlimited." *Cabell v. Zorro Prods.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013).  The Court "must limit" discovery that is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii).  District Courts have "'broad discretion'" to "'permit or deny discovery.'" *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation omitted).

## III.   DISCUSSION

### A. Plaintiff May Ask About Other Complaints of Discriminatory Behavior

The Court finds that plaintiff has satisfied his burden of showing that other complaints of Ms. Gonzalez's discriminatory behavior are relevant and discoverable. *See Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017) (noting that party seeking discovery "bears the burden" of demonstrating relevance).  The Court disagrees with defendants' contention that other employee complaints are irrelevant unless they relate to complaints of age discrimination because that is the only form of discrimination alleged in plaintiff's Complaint. Jt. Mot. at 8.  Indeed, "[d]iscovery is not limited to the issues raised only in the pleadings" but is "construed broadly" to allow the parties to "define and clarify the issues." *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993).  Relevance is therefore "necessarily broad" so that discovery may "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) (*citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Given that plaintiff is requesting testimony about complaints against the same manager

who is alleged to have exhibited discriminatory animus against him, and that defendant has asserted that AT&T had policies in place to prevent workplace discrimination, the Court is persuaded that other complaints of discrimination by Ms. Gonzalez are within Rule 26's broad scope.  *See* Jt. Mot. at 5; *see also* Doc. No. 1-6 at 6; Doc. No. 5 at 12.  Plaintiff shall be allowed to question Ms. Gonzalez about any formal, written complaint of discriminatory behavior made against her by any AT&T employee.  No other additional discovery is authorized by this Order.

Furthermore, the Court cautions the parties that it makes no finding as to the ultimate admissibility of such evidence.  It is not this Court's task to decide in the context of a discovery motion whether the requested information would be admissible to show Ms. Gonzalez's state of mind (*see* Jt. Mot. at 6) or would be excludable to avoid a "trial-within-a-trial."  *See id.* at 9.  Rather, the Court has only determined that the testimony plaintiff seeks is *discoverable* – a considerably broader concept than admissibility.  *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

### B. Plaintiff May Not Ask About Alleged Sexually Inappropriate Behavior

The Court reaches a different result with respect to complaints of sexually inappropriate behavior.  Plaintiff's theory is that *if* Ms. Gonzalez supervised male employees who were "younger"[1] and *if* she behaved in a sexually inappropriate way towards those male employees and *if* those male employees later complained about such sexually inappropriate behavior, that *might* be evidence that Ms. Gonzalez treated young, male employees differently than she treated plaintiff, who is a 60-year-old male.  Jt. Mot. at 7.  Plaintiff further speculates that *if* Ms. Gonzalez then retaliated against any younger, male employees who complained about sexually inappropriate behavior, that is further

---

[1] Plaintiff asked Ms. Gonzalez about complaints from male employees "younger than you" (*i.e.*, younger than *Ms. Gonzalez*). Jt. Mot. at 23.  It seems to the Court that the salient comparison is whether the male employees were younger than *plaintiff.*

4

evidence that she "illegally targets employees." *Id.* Putting aside the fact that Ms. Gonzalez has already testified that there were no such complaints, *id.* at 23, plaintiff's reasoning is simply too attenuated to meet his burden to show this testimony "satisfies the relevancy requirements" of Rule 26. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). Plaintiff will not be permitted to ask about any complaints of sexually inappropriate behavior against Ms. Gonzalez.

### C. Other Limitations on the Scope of Ms. Gonzalez's Reconvened Deposition

Ms. Gonzalez's deposition started at approximately 9:00 a.m. on October 27, 2020. At approximately 11:00 a.m. that day, the undersigned's law clerk held a telephonic conference with counsel regarding another dispute that affected Ms. Gonzales's deposition, as well as two others that were scheduled later in the week. *See* Doc. No. 20. When the instant dispute arose, plaintiff's counsel proposed "end[ing] the day" because of "all these issues that we're dealing with right now." Jt. Mot. at 23. The parties then terminated the deposition, with roughly 4 hours of deposition testimony on the record. *Id.* at 4. After the deposition was terminated, the Court, not having been apprised of this dispute, issued a Minute Order requiring Ms. Gonzalez to reappear for deposition "for the sole purpose of taking testimony on newly-produced documents" (the "Minute Order"). Doc. No. 20. The Court prohibited plaintiff from "revisit[ing] topics or documents" already covered. *Id.* Plaintiff requests in the Joint Motion to complete Ms. Gonzalez's deposition "without being limited in scope of questioning." Jt. Mot. at 4. Defendant objects. *Id.* at 11.

Per this Court's Chambers' Rules and Civil Pretrial Procedures ("Chambers' Rules"), when a dispute arises during a deposition – as was the case here – the parties are to contact the Court and to otherwise "proceed with the deposition in other areas of inquiry" until the Court can address the dispute, leaving the deposition "open" if necessary. Chambers' Rules, § VIII.D. The parties do not explain why that procedure was not followed here. The deposition excerpts attached to the Joint Motion indicate that when plaintiff suggested "end[ing] for the day," counsel was to take a break and then "come back on the record and … determine how much further we're going to go with this," Jt. Mot. at

23, but the record of that discussion was not provided to the Court. Nor has plaintiff explained what areas of inquiry remain other than those addressed in this Order and the Minute Order. Doc. No. 20. The Court is not willing to subject Ms. Gonzalez, a non-party, to cumulative deposition questioning. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (providing that the Court "must limit" discovery that is "unreasonably cumulative or duplicative"). Ms. Gonzalez's deposition will be reconvened for no longer than 3 hours on the record, during which plaintiff may question her about formal complaints of discrimination made against her consistent with this Order, and newly-produced documents as set forth in the Minute Order. Plaintiff may not question Ms. Gonzalez about any topic or document already covered in Ms. Gonzales's first deposition, nor any document that was produced before October 26, 2020.

## ORDER

For the reasons stated above, the Court hereby **ORDERS** that the deposition of Paola Gonzalez shall be reconvened for a period of no more than 3 hours of time on the record, during which:

1. Plaintiff may question Ms. Gonzalez about any formal, written complaints of discriminatory behavior made against Ms. Gonzalez by AT&T employees;
2. Plaintiff may question Ms. Gonzalez about documents produced by defendant on October 26, 2020;
3. Plaintiff may not inquire into topics or documents that were the subject of Ms. Gonzalez's October 27, 2020 deposition; and,
4. Plaintiff may not inquire into complaints of sexually inappropriate behavior, including sexual harassment, made against Ms. Gonzalez by AT&T employees.

**IT IS SO ORDERED.**

Dated: November 9, 2020

Hon. Karen S. Crawford
United States Magistrate Judge