UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE ROMANO, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>AT&T MOBILITY SERVICES, LLC, a Delaware limited liability company; and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　Defendants. | Case No.: 3:20-CV-00698-JLS-KSC<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[Doc. No. 22]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute, in which defendant AT&T Mobility Services, LLC ("defendant" or "AT&T") moves to compel plaintiff Steve Romano ("plaintiff") to provide further responses to written discovery requests (the "Motion to Compel" or "Mot."). Doc. No. 22. For the reasons set forth below, the Court GRANTS defendant's Motion to Compel.

**I.　BACKGROUND**

This case arises out of defendant's alleged wrongful termination of plaintiff in February 2018. *See generally* Doc. No. 1-6 ("Complaint"). Plaintiff, who was 60 years old at the time AT&T terminated his employment, claims that AT&T discriminated against

him because of his age. *See id.* At issue in the Motion to Compel is AT&T's Request for Production ("RFP") No. 2, which seeks documents provided to, or received from, the California Employment Development Department ("EDD") or the California Unemployment Insurance Appeals Board ("UIAB") since February 28, 2018 pertaining to plaintiff's efforts to obtain unemployment benefits, any alleged wrongful conduct by defendant, or to any allegations in the Complaint. Mot. at 3, 22. Plaintiff objected on the basis of relevance and to the extent the request sought documents subject to the "official information privilege under Evidence Code section 1040 and Unemployment Insurance Code sections 1094, 2111." *Id.* at 4, 40.

## II.   LEGAL STANDARDS

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "the scope of discovery includes 'any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*, 322 F.R.D. 571, 583 (S.D. Cal. 2017) (quoting Fed. R. Civ. P. 26(b)(1)). The standard for "relevance" under the Federal Rules is "commonly recognized as one that is necessarily broad . . . 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) (citations omitted); *see also V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 301 (D. Nev. 2019) ("Relevance for the purposes of discovery is defined broadly.").

"A party may withhold 'information otherwise discoverable by claiming it is privileged.'" *Skyline Wesleyan Church*, 322 F.R.D. at 583 (quoting Fed. R. Civ. P. 26(b)(5)). "However, the broad scope of permissible discovery is limited by . . . relevant privileges" only. *Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.*, 237 F.R.D. 618, 621-22 (N.D. Cal. 2006). "In a federal action based on diversity such as this one, [California] state law governs all privilege claims." *Chavez v. Sw. Key Program, Inc.*, 2012 U.S. Dist. LEXIS 192143, at *2 (S.D. Cal. Aug. 2, 2012) (citing Fed. R. Evid. 501). Any party "opposing discovery," including by the assertion of a privilege, "has the

burden of showing that discovery should not be allowed." *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citations omitted). The Court has "'broad discretion'" to "'permit or deny discovery.'" *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation omitted).

## III. DISCUSSION

### A. The EDD and UIAB Documents Are Relevant

The Court begins by addressing relevance. Defendant asserts that the limited unemployment records AT&T has show that when plaintiff applied for unemployment benefits, he did not report that he was terminated for discriminatory reasons. Mot. at 5. Defendant therefore states that the information sought by RFP No. 2 is relevant and discoverable to show plaintiff's "subjective beliefs as to the reasons AT&T terminated him, his competence, and his overall treatment," as well as revealing any "history of inconsistent statements." *Id.* at 5-6. Plaintiff disagrees, and states defendant cannot "establish any connection" between the EDD and UIAB documents and this case. *Id.* at 9. Plaintiff urges the Court to deny the Motion to Compel because RFP No. 2 "seeks information not reasonably calculated to lead to the discovery of admissible evidence." [1] Mot. at 10.

The Court agrees with defendant and finds AT&T has carried its "burden," as the moving party, "of establishing that its request satisfies the relevancy requirement of Rule 26(b)(1)." *Bryant v. Ochoa*, 2009 U.S. Dist. LEXIS 42339, at *4 (S.D. Cal. May 14, 2009). As noted, discovery is "construed broadly" to allow parties to "define and clarify [] issues." *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993). Furthermore, there is "no requirement that the information sought directly relate to a particular issue" in this case to be discoverable. *Shaw v. Experian Info. Sols.*, *Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). Given the liberal scope of discovery under Rule 26, the Court is persuaded that the

---

[1] The phrase "reasonably calculated to lead to the discovery of admissible evidence" was deleted from Rule 26 as part of the 2015 amendments, as it "create[d] problems" and was often "used . . . incorrectly[] to define the scope of discovery." *See* Fed. R. Civ. P. 26, advisory committee notes to 2015 amendments.

documents "bear on" issues in the case, including plaintiff's credibility. *Gusman*, 298 F.R.D. at 595; *see also Shaw*, 306 F.R.D. at 296. Thus, "in the absence of a privilege," the documents are discoverable and should be produced. *See Hampton*, 147 F.R.D. at 229.

### B. Neither the California Evidence Code nor the California Unemployment Insurance Code Prevent the Discovery of the EDD and UIAB Documents

Plaintiff also argues that the EDD and UIAB documents are not discoverable because they contain information that is "privileged from disclosure pursuant to California Evidence Code § 1040 and California Unemployment Insurance Code §[§] 1094 and 2111." Mot. at 7. In response, defendant contends that plaintiff "lacks standing to assert the privilege" codified in California Evidence Code § 1040. *Id*. at 5-6. Defendant further asserts that even if the EDD and UIAB documents are protected under California Unemployment Insurance Code §§ 1094 and 2111, plaintiff has waived such statutory protections by pursuing this litigation. *Id*.

The Court agrees. California Evidence Code § 1040 "creates a qualified privilege against agency disclosure of 'official information,' which is . . . 'information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public[.]'" *In re Cal. Pub. Utils. Com.*, 892 F.2d 778, 783 (9th Cir. 1989) (quoting Evid. Code § 1040(a)). Importantly, the "privilege to refuse to disclose official information" belongs to the "public entity." Cal. Evid. Code § 1040(b). Thus, defendant is correct that plaintiff cannot assert a privilege for official information because "'only the government entity holds the privilege.'" Mot. at 6 (quoting *Music Grp. Macao Commer. Offshore Ltd. v. Foote*, 2015 U.S. Dist. LEXIS 85089, at *12 (N.D. Cal. June 30, 2015)).

Moreover, these statutes prevent the ***public*** disclosure of information provided by plaintiff to EDD and UIAB.[2] Here, however, there is a blanket Protective Order in place

---

[2] Unemployment Insurance Code § 1094(b) also renders the information inadmissible at trial or other proceeding, but "[i]nformation ... need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

to which the parties stipulated that affords the parties the right to designate material produced in discovery as "confidential" or "for counsel only," thereby prohibiting its disclosure outside the litigation. *See* Doc. Nos. 16, 17 at 4-6. Protective orders – such as the one governing discovery here – can mitigate the breadth of discovery and "provide a safeguard for parties and other persons." *Big Lagoon Rancheria v. Cal.*, 700 F. Supp. 2d 1169 (N.D. Cal. 2010) (citation omitted). Yet, plaintiff does not even acknowledge the Protective Order, let alone explain why it is insufficient to address any concerns he has regarding the confidentiality of his unemployment records. *See Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (noting that a "carefully drafted protective order could minimize the impact of [] disclosure.").

As to California Unemployment Insurance Code, § 1094 of that statute "provides that the information delivered to the Department of Employment by an employing unit 'shall . . . not be open to the public, nor admissible in evidence in any action or special proceeding,'" while § 2111 similarly "provides that the information 'is confidential and shall not be published or open to public inspection in any manner[.]'" *Crest Catering Co. v. Super. Ct. of L.A. Cty.*, 62 Cal. 2d 274, 277-78 (1965) (citations omitted).

Plaintiff relies on *Crest* in asserting that documentation submitted to the EDD is privileged, and therefore, not subject to discovery. Mot. at 8 (citing *Crest*, 62 Cal. 2d at 277). The Court finds plaintiff's reliance misplaced. Although the California Supreme Court in *Crest* noted that §§ 1094 and 2111 "create a privilege," the Court ultimately held that privilege could be, and had been, waived. *See Crest*, 62 Cal. 2d at 277-78.[3] The *Crest* court found that while California Unemployment Insurance Code §§ 1094 and 2111 serve to protect "the confidentiality of information submitted to the Department of Employment," a party may waive such statutory protections by engaging in "'an act which,

---

[3] Additionally, "[t]he conclusion that Crest waived the privilege is buttressed by the fact that the payrolls and the tax returns contain basically the same information." *Crest*, 62 Cal. 2d at 279. Yet, "[t]he same information does not become less obtainable merely because it is written on a governmental form." *Id*.

1  according to its natural import, is so inconsistent with an intent to enforce the right as to
2  induce a reasonable belief that such right has been relinquished.'" *Id.* (citation omitted).

3  "One example of an inconsistent act is the bringing of a lawsuit, the gravamen of
4  which is 'so inconsistent with the continued assertion of the . . . privilege as to compel the
5  conclusion that the privilege gas in fact been waived.'" *Chavez v. Sw. Key Program, Inc.*,
6  2012 U.S. Dist. LEXIS 192143, at *4 (S.D. Cal. Aug. 2, 2012) (quoting *Wilson v. Super.*
7  *Ct.*, 63 Cal. App. 3d 825, 830 (1976)); *see also*, *e.g.*, *Gomez Cabrales v. Aerotek, Inc.*, 2018
8  U.S. Dist. LEXIS 77705, at *10 (C.D. Cal. May 8, 2018) (finding "to the extent [] EDD
9  documents are protected under California law, such protection has been waived because
10 'the gravamen of the disability discrimination suit is inconsistent with the continued
11 assertion of the protections of the California Unemployment Insurance [C]ode for
12 documents relating to disability applications and benefits.'") (citations omitted)).

13 Accordingly, the Court is unpersuaded by plaintiff's argument that "filing an age
14 discrimination lawsuit does not waive and relinquish the privilege." Mot. at 8. The
15 gravamen of plaintiff's age discrimination suit is inconsistent with the continued assertion
16 of the protections of the California Unemployment Insurance Code for documents
17 pertaining to unemployment benefits, particularly because plaintiff alleges that he was
18 terminated because of his age. *See* Complaint at 7. The Court finds Plaintiff has waived
19 the protection of the EDD and UIAB documents "by maintenance of an action inconsistent
20 with the assertion of the privilege." *Chavez*, 2012 U.S. Dist. LEXIS 192143, at *6. To the
21 extent there are any legitimate privacy concerns in the absence of privilege, the Court finds
22 that such concerns can be mitigated by the parties' Protective Order. *See* Doc. No. 17.
23 / /
24 / /
25 / /
26 / /
27 / /
28 / /

**O R D E R**

For the reasons set forth above, defendant's Motion to Compel further responses to RFP No. 2 [Doc. No. 22] is **GRANTED**. Plaintiff shall amend his responses to RFP No. 2 and produce responsive documents within 5 business days of the date of this Order.

**IT IS SO ORDERED**.

Dated: November 17, 2020

Hon. Karen S. Crawford
United States Magistrate Judge